487 F.2d 302
 STAUFFER CHEMICAL COMPANY, Plaintiff,
v.
TUG NEPTUNE, her engines, tackle, apparel, etc., and Arthur
Smith Corporation, her owner and operator, and the TUG
SHOAT, her engines, tackle, apparel, etc., and Bacon Towing
Company, her owner, etc., et al., Defendants-Appellants,
Olin Mathieson Chemical Corp., Defendant-Appellee.
 No. 73-2444 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Nov. 13, 1973.
 
 Thomas A. Brown, Jr., Houston, Tex., for Neptune and Arthur Smith.
 W. Garney Griggs, Houston, Tex., for Shoat & Bacon Towing.
 Robert C. Davee, Ed Bluestein, Jr., Houston, Tex., for Olin Mathieson Chemical.
 Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is a dispute among the defendants to determine who is liable to Stauffer for the sinking of its barge and the consequent loss of cargo. The barge was damaged in a collision, and the two tug owners, Arthur Smith Corp. and Bacon Towing Co., stipulated mutual fault. The barge at the time of the collision did not appear to be seriously damaged, but that evaluation was disproved by the barge's sinking during the unloading operation at the Olin Mathieson Terminal.
 
 
 2
 The district court absolved Olin of any liability for the sinking. The tug owners in this appeal attempt to upset that determination.
 
 
 3
 We are of the firm view that the findings of fact made by the district court are not clearly erroneous, McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20, and that "the trial judge * * * has fairly weighed the matter and has reached a conclusion which seems substantial and reasonable even though another result might have been achieved either by him or others." Ohio Barge Lines, Inc. v. Oil Transport Company, 5 Cir. 1960, 280 F.2d 448, 449.
 
 
 4
 Affirmed.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I